Gay H. Williams, Esq. City Attorney, Oswego
You have requested an opinion as to the validity of the reapportionment of the city's common council. Specifically, you inquire whether reapportionment by resolution without a referendum was proper.
You have explained that in 1983 your common council by resolution adopted a weighted voting system and no referendum was held. The reapportionment was required under the provisions of the city charter which was wholly amended in 1977 as a result of a proposal by a city charter commission. You informed us that prior to the adoption of weighted voting, the mayor had the power to vote to break a tie in the common council. Under the weighted voting system, tie votes are no longer possible. You raise the additional question whether this results in the transfer or curtailment of a power of the mayor that is subject to a mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law.
The basic concern is definition of the applicable procedure for reapportionment of your city's common council. Your city charter was completely revised in 1977 with the adoption of a new charter proposed by a city charter commission. Such a proposed charter "may contain such provisions or effect such results as may be made or effected by local law" under the provisions of the Municipal Home Rule Law (Municipal Home Rule Law, § 36[5][a]). See also, section 10(1)(ii)(c)(1) of the Municipal Home Rule Law authorizing a city to revise its charter or to adopt a new charter by local law adopted by its legislative body. Therefore, in reapportioning its legislative body as required by the city charter, the city is bound by the provisions of the Municipal Home Rule Law and is required to follow the procedures established by such law.
Under the Municipal Home Rule Law, a city by local law is authorized to apportion its legislative body and, only in connection with this action, revise the composition and membership of the legislative body, the terms of its members, the voting powers of members, and to revise the units of local government or other areas from which representatives are to be chosen (id., § 10[1][ii][a][13]). The provision establishes the procedure for enacting a plan of apportionment. A local law to establish a plan of apportionment is subject to a referendum only in the manner provided by paragraph j of subdivision 2 of section 24 of the Municipal Home Rule Law (id., § 10[1][ii][a][13][e]). Under that provision, a local law relating to apportionment is subject to a referendum upon petition or upon the submission of the local law to referendum by the legislative body on its own motion.
Since you acted by resolution rather than local law, the reapportionment of your city's common council in 1983 did not comply with the requirements of State law. The failure to enact a local law, with all its attendant procedural safeguards including the conduct of a public hearing, constitutes a material deviation from legal requirements. It is necessary that you take action to reapportion the legislative body properly. This would not constitute a second restructuring in a decade, which is prohibited by law (id., § 10[1][ii][a][13][f]), in that its purpose and effect is to legalize the current structure of the legislative body.
We note that the actions of the common council since 1983 were those of de facto officers and as such are valid (1979 Op Atty Gen [Inf] 198, 203).
With respect to your second question, it seems clear from the express language of the apportionment provision that "only" a referendum under section 24(2)(j) of the Municipal Home Rule Law is permitted. The fact that the mayor's power to break a tie in the voting of the common council is eliminated as a result of a reapportionment would not subject the plan to a mandatory referendum. As part of a plan of apportionment, composition and membership of the legislative body and the terms of members can be revised. If these structural changes were accomplished by a local law, not part of a plan of apportionment, the local law would be subject to a mandatory referendum (id., § 23[2][b], [e]). The text of the apportionment provision, however, makes it clear that a plan of apportionment is subject "only" to a referendum under section 24(2)(j). Similarly, the incidental elimination of the mayor's power to break ties as a result of reapportionment is a part of the reapportionment proposal. There is no authority for a referendum beyond that required by section 24(2)(j).
We conclude that a city may reapportion its legislative body by local law subject to a referendum on petition or a referendum upon motion of the legislative body.